**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CLAUDIA NCHUO CHU,

Petitioner,

v. Case No. 1:26-cv-275-DHU-JHR

TODD M. LYONS, in official capacity,
Acting Director of ICE, KRISTI NOEM,
in official capacity, Secretary of the U.S.
Department of Homeland Security;
PAMELA BONDI, in official capacity, Attorney
General of the United States,

Respondents.

**ORDER AND FINAL JUDGMENT**

This matter comes before the Court on Petitioner Claudia Nchuo Chu's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner is currently in immigration detention and alleges that she was unlawfully re-detained without due process and that her detention without the opportunity for bond violates Immigration and Nationality Act ("INA") and her due process rights. *Id.* at ¶¶ 52-58. The Petition asks the Court to declare Petitioner's detention unlawful and to issue a writ of habeas corpus ordering Respondents to release Petitioner or else provide her with a constitutionally adequate bond hearing. *Id.* at 14. Having considered the parties' briefs and the relevant and applicable law, the Court finds that the Petition should be **GRANTED**.

## I.
## BACKGROUND

The Court has previously discussed the relevant facts and procedural history of this case in its Order Granting Petitioner's Emergency Motion for a Temporary Restraining Order ("TRO").

Doc. 11. Neither party has provided additional information relevant to the underlying habeas petition since that Order, and the briefing period has concluded. Accordingly, the Court incorporates by reference the procedural background and factual findings discussed in its TRO. *See* Doc. 11 at 1-4. As a brief summary of the relevant facts, Petitioner is a citizen of Cameroon who entered the United States without inspection in June of 2023. Doc. 1 at ¶ 10. Shortly after her entry, Petitioner was detained but released on her own recognizance with a Notice to Appear in immigration court. *Id.* After her release, Petitioner relocated to Minnesota and applied for asylum. *Id.* at ¶ 38. In January 2026, Petitioner was detained by immigration officials in Minnesota after they followed her car while she drove to work. *Id.* at ¶ 39.

Petitioner's habeas petition seeks her release, alleging violations of the INA and her due process rights. *Id.* at ¶¶ 52-58. In an Emergency Motion for TRO, Petitioner sought immediate release, which this Court granted after finding she was substantially likely to succeed on the merits of his claim, that she faced irreparable harm in detention, and that the balance of the equities and the public interest weighed in favor of emergency relief. *See* Doc. 11.

The Court now addresses Petitioner's underlying habeas petition.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing she is being unlawfully detained in violation of the INA and her Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government

custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

### A. Due Process Claim

In its TRO, the Court addressed—in a preliminary fashion—the merits of Petitioner's due process and INA claims, finding a substantial likelihood of success on the merits of both. Neither party has provided additional facts or legal argument relevant to these claims since the Court issued its TRO. Regarding Petitioner's due process claim, the Court remains convinced that she possesses a protected liberty interest as a result of her previous release and that, under the three factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), she was entitled to notice and a pre-deprivation hearing before she was re-detained. The Court therefore incorporates by reference the due process analysis contained in its TRO, *see* Doc. 11 at 5-7, and finds that Respondents' re-detention of Petitioner without a pre-deprivation hearing deprived her of her right to due process under the Fifth Amendment.

### B. INA Claim

Given the Court's finding of a due process violation, it need not make a determination regarding Petitioner's INA claim to grant the relief requested. However, it is worth noting that this case is not the first to raise this issue in this Court. In fact, the Court has already considered the statutory and constitutional issues raised by Petitioner with regard to §§ 1225 and 1226. *See Requejo Roman v. Castro et al.*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also*

*Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 (D.N.M. Feb. 2, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293 (D.N.M. Feb. 5, 2026). Because the facts here are not materially different than those the Court analyzed in previous cases, the Court's conclusion is the same. Ms. Chu, who entered the United States without inspection, was arrested inside the United States after entering, and was released on her own recognizance thereafter, is properly detained pursuant to 8 U.S.C. § 1226. For a detailed account of the Court's reasoning on this issue, see *Requejo Roman v. Castro et al.*.

**C. Remedy**

While Petitioner is entitled to a bond hearing while detained, such a remedy would not adequately address the most concerning violation present in this case—the Government's initial re-detention of Petitioner without due process of law. *See, e.g., E.A.T.-B. v. Wamsley*, 795 F.Supp.3d 1316, 1324 (W.D. Wash. 2025) ("[A] post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."). In its Response, the Government fails to address this aspect of Petitioner's claim and presents no arguments about the appropriate remedy in this case. *See* Doc. 10.

Several courts analyzing similar facts, including this one, have found that immediate release is the appropriate remedy when the Government's re-detention of someone violates their due process rights. *Wamsley*, 795 F.Supp.3d 1316 (holding that a noncitizen previously released on an order of recognizance had a liberty interest in his continued release, that the *Mathews* factors required a pre-deprivation hearing before any re-detention, and that the appropriate remedy was release); *Singh v. Carnes*, No. 1:26-cv-00235-DHU-GJF (D.N.M. Mar. 3, 2026) (finding the same); *Valdez v. Joyce*, 803 F.Supp.3d 213 (S.D.N.Y. 2025) (same); *Garcia-Domingo v. Castro*,

806 F.Supp.3d 1246 (D.N.M. 2025) (at TRO stage, ordering immediate release of petitioner previously released by ORR and re-detained without a pre-deprivation hearing); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *13 (D. Colo. Jan. 13, 2026) (finding release the appropriate remedy to remedy unlawful re-detention of noncitizen previously determined by ORR not to be a flight risk or danger); *Faizyan v. Casey*, 2025 WL 3208844 (S.D. Cal. Nov. 17, 2025) (finding, under *Mathews*, that revocation of Petitioner's release on recognizance without an opportunity to be heard deprived him of his due process rights, and ordering his immediate release); *Chipantiza-Sisalema v. Francis*, 2025 WL 1927931, at *4 (S.D.N.Y. July 13, 2025) (granting noncitizen's request for immediate release when she was re-detained without notice or hearing after previous release on her own recognizance). This Court concludes the same here and finds that the only adequate remedy for the due process violation here is Petitioner's release. The Court's previous TRO ordered Petitioner's release and enjoined her re-detention absent due process. In granting the Petition now, the Court makes that preliminary relief permanent.

## IV.
## CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS THEREFORE ORDERED** that the preliminary relief ordered by this Court, Doc. 11, is permanently extended. Respondents remain **RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that revocation of Petitioner's release is warranted and that she is a danger to her community or a flight risk.

There being nothing further to address in this matter, and pursuant to FED. R. CIV. P. 58(a), the Court will now issue its final judgment disposing of the case. **IT IS ORDERED, ADJUDGED, AND DECREED** that Petitioner Claudia Nchuo Chu's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED**, and the Clerk's Office may close this civil habeas case.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE